UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DEVISION

| | | |
|---|---|---|
| INES CONTRERAS and CRISTOBAL LOYO, | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | CASE NO. _____ |
| CORSICANA BEDDING, INC., | ) ) ) | JURY DEMAND |
| *Defendant.* | | |

# COMPLAINT

## INTRODUCTION

1. Ines Contreras and Cristobal Loyo (hereinafter "Plaintiffs"), bring this lawsuit against Defendant, Corsicana Bedding, Inc. (hereinafter "Defendant" or "Corsicana"), for violations of the Family and Medical Leave Act (also referred to herein as "FMLA"), 29 U.S.C. §§ 2611, *et seq*. They seek, *inter alia,* back pay, front pay, compensatory damages, liquidated damages, nominal damages, costs, attorney's fees, and declaratory and injunctive relief.

2. After employing Plaintiffs for years in its Shelbyville, Tennessee mattress factory, Corsicana fired them when they tried to exercise their rights under the FMLA.

3. Corsicana terminated Plaintiff Contreras after she presented a note from her physician indicating her recovery from surgery on her wrist and elbow would prevent her from returning to work for three weeks.

4. Corsicana terminated Plaintiff Loyo after he notified his supervisor that the physician treating him for tuberculosis commanded several more days of quarantine, thus preventing him from returning to work for several days.

5. Defendant's termination of Plaintiff Contreras and Plaintiff Loyo constituted unlawful interference with Plaintiffs' medical leave rights under the FMLA and retaliation for their exercise of these rights, in willful violation of the FMLA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FMLA, 29 U.S.C. § 2617, and because they raise questions of federal law. 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(c)(2) because Defendant resides in this judicial district, regularly conducts business within this judicial district, and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

8. Plaintiff Ines Contreras is a resident of Shelbyville, Bedford County, Tennessee, and was at all relevant times an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Plaintiff Cristobal Loyo is a resident of Shelbyville, Bedford County, Tennessee, and was at all relevant times an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant Corsicana Bedding, Inc. is a Texas corporation engaged in the manufacturing and sale of mattresses. Defendant owns and operates a mattress production factory in Shelbyville, Bedford County, Tennessee at 1 Cedar King Road.

11. At all relevant times, Defendant regularly engaged in commerce or in an industry or activity effecting commerce, employed 50 or more employees, and was an "employer" within the meaning of the FMLA, 29 U.S.C. §§ 2611(4).

## FACTS

**A. Plaintiff Contreras' FMLA Leave & Termination**

12. Plaintiff Contreras had been employed by Corsicana for nearly eight (8) years when she was terminated on November 1, 2013.

13. During her career at Corsicana, Plaintiff Contreras engaged in mattress production and worked for a period of time as a supervisor.

14. Plaintiff Contreras underwent surgery on her left hand and left elbow for work-related injuries on October 30, 2013.

15. The same day, she brought a note from the surgical center to Corsicana indicating she was not to return to work until her physician released her.

16. In response, also on October 1, 2013, Corsicana demanded that she obtain an additional doctor's note with a date certain on which she would be cleared for return.

17. On November 1, 2013, Plaintiff Contreras obtained from her physician a second note, in compliance with Corsicana's request.

18. Her physician provided written instructions that she was not to return to work until November 18, 2013.

19. Plaintiff Contreras provided Corsicana the requested documentation from her physician on November 1, 2013.

20. The same day, Corsicana terminated her employment.

21. Defendant's stated reason for terminating Plaintiff Contreras was that she was unable to return to work for several more days, as described in the doctor's note.

22. Glenn Farris, then a Corsicana manager, related to Plaintiff Contreras that he was explicitly instructed by Corsicana's corporate office in Texas that the Defendant would not hold Plaintiff Contreras's production position open for 12 days until she could return to work.

23. Defendant's termination of Plaintiff unlawfully interfered with Plaintiff's FMLA medical leave rights and was in retaliation for her exercise of these rights, in violation of the FMLA. *See* 29 U.S.C. § 2615(a).

24. Furthermore, Defendant's violations of the FMLA were willful.

25. Since her termination, Plaintiff has made, and continues to make, all reasonable efforts to secure a job commensurate with her education, skill, and experience. Plaintiff would readily return to work at Corsicana if reinstated.

**B. Plaintiff Loyo's FMLA Leave and Termination.**

26. Plaintiff Loyo began working at Corsicana in early 2012.

27. When he learned he had contracted tuberculosis in July 2013, he promptly notified his supervisor that he would not be able to come in to work.

28. Because he was quarantined pursuant to a doctor's order and State law, Plaintiff Loyo could not deliver a physician's letter to Corsicana in person.

29. Instead, Plaintiff Loyo arranged for a coworker and his treating medical professionals to notify Corsicana of the need for medical leave.

30. Corsicana approved Plaintiff Loyo's request for leave until August 19, 2013 – the original date medical professionals expected Plaintiff Loyo could return to work.

31. When his doctor extended Plaintiff Loyo's recovery period for several days, Plaintiff Loyo communicated this to Corsicana.

32. Corsicana then fired him for allegedly abandoning his job when he did not attend work on August 22, 2013.

33. Defendant's termination of Plaintiff unlawfully interfered with Plaintiff's FMLA medical leave rights and was in retaliation for her exercise of these rights, in violation of the FMLA. *See* 29 U.S.C. § 2615(a).

34. Furthermore, Defendant's violations of the FMLA were willful.

35. Since his termination, Plaintiff has made, and continues to make, all reasonable efforts to secure a job commensurate with his education, skill, and experience. Plaintiff would readily return to work at Corsicana if reinstated.

### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611, *et seq.*

### COUNT I
**(Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1))**

36. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

37. The FMLA entitles an "eligible employee" who meets the requirements of 29 U.S.C. § 2613 to twelve (12) workweeks of medical leave for a "serious health condition" that prevents the performance of job functions. *See* 29 U.S.C. § 2612(a)(1)(D).

38. Plaintiffs were at all relevant times "eligible employees" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

39. Plaintiffs each suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

40. Plaintiffs had met the certification requirements of 29 U.S.C. § 2613 and been granted FMLA leave for a "serious health condition" pursuant to the FMLA, 29 U.S.C. § 2612(a)(1)(D).

41. On November 1, 2013, Plaintiff Contreras provided Defendant with a certification from her physician that she was released for work effective November 18, 2013

42. Defendant knew Plaintiff Contreras was currently exercising her FMLA rights.

43. Nevertheless, Defendant terminated Plaintiff Contreras on November 1, 2013, interfering with the exercise of her rights under the FMLA in willful violation of 29 U.S.C. § 2615(a)(1).

44. Likewise, up to and including August 19, 2013, Plaintiff Loyo provided Defendant with a certification from his physician that he would be released for work effective the end of the following week.

45. Defendant knew Plaintiff Loyo was currently exercising his FMLA rights.

46. Nevertheless, Defendant terminated Plaintiff Loyo on August 22, 2013, interfering with the exercise of his rights under the FMLA in willful violation of 29 U.S.C. § 2615(a)(1).

## COUNT II
**(Retaliatory Discharge for Exercise of FMLA Rights in Violation of 29 U.S.C. § 2615(a)(2))**

47. All previous paragraphs are re-alleged and incorporated as though fully set forth herein.

48. The FMLA entitles an "eligible employee" who meets the requirements of 29 U.S.C. § 2613 to twelve (12) workweeks of medical leave for a "serious health condition" that prevents the performance of job functions. *See* 29 U.S.C. § 2612(a)(1)(D).

49. Plaintiffs were at all relevant times an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

50. Plaintiffs suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

51. Each Plaintiff had met the certification requirements of 29 U.S.C. § 2613 and FMLA leave for a "serious health condition" pursuant to the FMLA, 29 U.S.C. § 2612(a)(1)(D).

52. On November 1, 2013, Plaintiff Contreras provided Defendant with a certification from her physician that she was released for work on November 18, 2013.

53. Defendant knew Plaintiff Contreras was currently exercising her FMLA rights.

54. Nevertheless, Defendant terminated Plaintiff Contreras on November 1, 2013, denying her FMLA leave.

55. As such, Defendant's termination of Plaintiff was in retaliation for Plaintiff's exercise of her rights under the FMLA in willful violation of 29 U.S.C. § 2615(a)(2).

56. Likewise, up to and including August 19, 2013, Plaintiff Loyo provided Defendant with a certification from his physician that he was released for work effective the end of the following week.

57. Defendant knew Plaintiff Loyo was currently exercising his FMLA rights.

58. Nevertheless, Defendant terminated Plaintiff Loyo on August 22, 2013, denying him FMLA leave.

59. As such, Defendant's termination of Plaintiff Loyo in retaliation for his exercise of FMLA rights was in willful violation of 29 U.S.C. § 2615(a)(2).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A declaration that Defendant has violated each Plaintiff's rights under the FMLA;

B. A judgment against Defendant and in favor of Plaintiffs for reinstatement if feasible;

C. A judgment against Defendant and in favor of Plaintiffs for back pay and front pay, including all interest allowable under the FMLA;

D. A judgment against Defendant and in favor of Plaintiffs for nominal and compensatory damages, including, but not limited to, the loss of health insurance benefits for Plaintiffs, including all interest allowable under the FMLA;

E. A judgment against Defendant in favor of Plaintiffs for the emotional distress and mental anguish caused by their improper termination;

F. A finding that Defendant's violations of the FMLA were and are willful;

G. A judgment against Defendant and in favor of Plaintiffs for liquidated damages to the fullest extent permitted under the FMLA;

H. A judgment against Defendant and in favor of Plaintiffs for litigation costs, expenses, and Plaintiffs' attorney's fees to the fullest extent permitted under the FMLA and for discretionary costs; and,

I. Such other and further relief as this Court deems just and proper and proper allowed under the FMLA.

Date: January 30, 2013                               Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, #30513**
BARRETT JOHNSTON LLC
217 Second Avenue North
Nashville, TN 37201
afree@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-4345
afree@barrettjohnston.com

*Attorney for Plaintiffs*